JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
HINDS & SHANKMAN LLP
21515 Hawthorne Blvd., Ste. 1150
Torrance, California 90503
Telephone: (310) 316-0500
Fax: (310) 792-5977

Attorneys for Plaintiff Rosendo Gonzalez, Chapter 7 Trustee
for Jay and Debra Johnson

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | CASE NO. 8:06-bk-10373-ES |
| JAY W. and DEBRA F. JOHNSON, | (Chapter 7) |
| Debtors. | ADV. NO. 8:06-ap-01313-ES |
| ROSENDO GONZALEZ, Trustee of the Bankruptcy Estate of JAY W. and DEBRA F. JOHNSON, | (Consolidated with Adv. No. 8:06-ap-01311-ES) |
| | **ERRATA TO THE TRUSTEE'S CLOSING TRIAL BRIEF** |
| Plaintiff, | |
| v. | <u>Trial</u><br>DATE: October 20, 2014<br>TIME: 9:00 a.m.<br>PLACE: Courtroom 5A |
| RANDAL A. JOHNSON, an individual, and JJ&A ARCHITECTS, INC., a California corporation, | |
| Defendants. | |
| AND RELATED ADVERSARY PROCEEDING | |

The Trustee files this Errata to the Trustee's Closing Brief filed on December 5, 2014 (Docket Item # 477).

1.
ERRATA TO THE TRUSTEE'S CLOSING TRIAL BRIEF

1.    At page 7:14-17, the reference is to the trial testimony of Jay Johnson is, October 23, 2014, @ 11:33 to 11:40 and 11:45 to 11:49.  In fact, on redirect Jay Johnson sought to place the "blame" for all of the inaccuracies in his Schedules and Statement of Financial Affairs on his former lawyer, Mr. Reeder.  This Court would have none of this nonsense and reminded both Jay Johnson and Mr. McCullough that it is the Debtors, and not their counsel, who are ultimately responsible for being honest and forthright with the Court and their Trustee.

2.    At page 8:25-29, add to the box under The Trustee's Proof At Trial the following additional references: "Fifth Amendment Order (Docket Item # 213) filed April 26, 2011, Exhibit "C" Declaration by Randy Johnson @ ¶4 to ¶5; and Lapides Report No. 1, Trial Ex 227, and attached Lapides Exhibit 'T 219' at pages 2209-2210, point 7."

3.    At page 10:14, add the following reference:

| THE DEBTORS SECRETLY OWNED THE VIRO ROAD PROPERTY AND WITHHELD THEIR OWNERSHIP FROM THE TRUSTEE AND THIS COURT | THE TRUSTEE'S PROOF AT TRIAL |
|---|---|
| Jay Johnson wrote a letter to a prospective Viro Road Property lender dated 6-28-95 stating that he had another $15,000.00 that the Debtors wanted to spend to put in a permanent pool on the Viro Road Property right away, but that he was willing to contribute his $15,000.00 cash towards the down payment on the Viro Road Property. | Lapides Report No. 2, Trial Ex 228, @ page 228.119 and Trial Ex 221. |

4.    At page 12:23-26, the reference in the box under The Trustee's Proof At Trial should read as follows: "50:2-5."

5.    At page 14:6, the text should read as follows: "Nor did the Debtors' filed U.S. Individual Tax returns for the years . . . ."

6.    At page 14:24, the text should read as follows: ". . . yielding a year 2000 income of $1,998,729; **(2)** a modified Bank Deposits Method analysis . . . ."

7.    At page 15:12, remove the word "non" from the text.

8.    At page 21:24, the text should read as follows: ". . . McCullough's argument during cross and Jay Johnson's own self-serving but . . . ."

9. At page 24:18, the reference in the box under The Trustee's Proof At Trial should read as follows: "See Trial Ex 001.023."

10. At page 25:6-7, the reference in the box under The Trustee's Proof At Trial should read as follows: "Trial Ex 92 @ 92.001 and .003."

11. At page 25:21-22, the reference in the box under The Debtors Grossly Understated Their Income As Part Of Their Chapter 7 Filing should read as follows: "At the § 341(a) meeting, Jay Johnson stated under oath that the Debtors' 2000 income was just $55,000.00."

12. At page 25:23, the reference in the box under The Trustee's Proof At Trial should read as follows: "Trial Testimony of Jay Johnson, October 23, 2014, @ 11:31 to 11:40.

13. At page 25:28, add the following reference:

| THE DEBTORS GROSSLY UNDERSTATED THEIR INCOME AS PART OF THEIR CHAPTER 7 FILING | THE TRUSTEE'S PROOF AT TRIAL |
|---|---|
| The Debtor's church records for the year 2001, showed income based on a 10% tithing contribution of $12,000.00 | See Trial Ex 92 @ 92.001 and .007. |

14. At page 26:9, the reference in the box under The Trustee's Proof At Trial should read as follows: ". . . 230:3-25, 231:1-12, 238:14-25 and 239:8."

15. At page 27:12, the reference in the box under The Trustee's Proof At Trial should read as follows: "Trial Ex 91 @ 091.002."

16. At page 28:1, the reference in the box under The Trustee's Proof At Trial should read as follows: "Trial Ex 185 @ 185.001-002."

17. At page 29:17-18, the reference in the box under The Trustee's Proof At Trial should read as follows: "Jay Johnson Depo @ 185:3-25 to 188:2."

18. At page 29:20, the reference in the box under The Trustee's Proof At Trial should read as follows: ". . . 103 and <u>Charts</u> 4 through 43."

19. At page 29:21-24, the reference in the box under Element Under The "Badges Of Fraud" should read as follows: "The documents discovered by the Trustee

showed a number of alleged 'gifts' from Jay Johnson to Randy Johnson, none of which appear not to be real gifts."

20. At page 29:21-24, the reference in the box under The Trustee's Proof At Trial should read as follows: ". . . and Lapides Report No. 1 @ page 31."

21. At page 30:16-17, the reference in the box under The Trustee's Proof At Trial should read as follows: "Lapides Trial Declaration @ ¶¶ 47 through 53."

22. At page 31:4-7, the reference in the box under Element Under The "Badges Of Fraud" should read as follows: ". . . $1,959,439 deposited into the JJ&A . . . ."

23. At page 31:8, the reference in the box under Element Under The "Badges Of Fraud" should read as follows: "The Debtors had, but did not report to . . . ."

24. At page 31:9, add the following reference:

| ELEMENT UNDER THE "BADGES OF FRAUD" | THE TRUSTEE'S PROOF AT TRIAL |
|---|---|
| As discussed in the Lapides Reports and adduced at trial, Jay Johnson conspired with Randy Johnson to effectively transferred AIA's business to JJ&A for zero consideration in order to prevent Lapides from attaching AIA's income and bank accounts because of the Lapides judgment against Jay Johnson. Mr. Lapides, valued the AIA/JJ&A business at $3,500,000.00. Mr. Turner, valued the AIA/JJ&A business at $192,000.00. On their sworn bankruptcy Schedules, the Debtors reported the value of AIA at zero ($0). | Lapides Report No. 2, Trial Ex 228 @ pp. 228.146-158; Turner Report, Trial Ex 222 @ pp. 222.19-23; Trial Testimony of Richard Lapides on 10/21/14 @ 11:34-11:48; Trial Testimony of Randy Johnson on 10/24/14 @ 10:23-10:28 and Trial Testimony of Jay Johnson on 10/23/14 @11:31 to 11:40 and 2:46 to 2:48, and Trial Ex 001 @ 001.008. |

25. At page 35:17, the reference in the box under The Trustee's Proof At Trial should read as follows: "Trial Testimony of Jay Johnson on October 23, 2014 @ 2:46 to 2:48."

26. At page 35:22, the reference in the box under The Trustee's Proof At Trial should read as follows: "Trial Testimony of Jay Johnson on October 23, 2014 @ 11:42 to 11:44.

27. At page 37:6-9, the reference in the box under The Trustee's Proof At Trial should read as follows: "Lapides Trial Declaration @ ¶¶ 63, 72-75, 77-78, 80-81, 89, 103-

107, 121, 131-132, 168 to 172, 178-184, 189, 193, 199-202, 204, 208-227, 229-232, 234, and 237-241."

28. At page 37:11-14, the reference in the box under The Trustee's Proof At Trial should read as follows: "Lapides Trial Declaration @ ¶¶ 145-147, 151-154" and, "Jay Johnson Depo @ 13:3-7, 56:21-25, 138:23 through 141:23."

29. At page 37:17-19, the reference in the box under The Trustee's Proof At Trial should read as follows: "Jay Johnson Depo @ 186:16 to 187:25, 204:9-11, 206:10-19, and 211:11 to 212:3."

30. At page 38:1-7, the reference in the box under The Trustee's Proof At Trial should read as follows: ". . . 178-184, 189, 193, 199-202, 204, 208-227, 229-232, 234, and 237-241 and Charts . . . ."

31. At page 38:8-11, the reference in the box under The Trustee's Proof At Trial should read as follows: ". . . 80-81, 89, 103-107, 121, 131-132, 217-221, 229-232, 234, and 237-241 and Charts . . . ."

32. At page 40:8-14, the reference in the box under The Elements of Alter Ego Under Associated Vendors should read as follows: "Q Financial also made payments for Jay Johnson's personal debts to Lapides."

33. At page 40:8-14, the reference in the box under The Trustee's Proof At Trial should read as follows: "See Lapides Trial Declaration @ ¶¶ 36 and 183 and Lapides Trial Declaration @ Chart 56."

34. At page 46:20, the reference should read as follows: "Lapides Report No. 2 @ page 180."

35. At page 47:14-16, the reference in the box under The Trustee's Proof At Trial should read as follows: "Lapides Report No. 1 Trial Ex 227 @ pp. 177-178 and Trial Ex 3A."

36. At page 47:14-16, the reference in the box under The Trustee's Proof At Trial should read as follows: "Lapides Report No. 1, Trial Ex 227 @ pp. 227.80-90, 227.107-109 and Lapides Report No. 2, Trial Ex 228 @ pp. 228.122-134 and referenced exhibits in the Lapides Report."

37. At page 47:19-20, the reference in the box under The Trustee's Proof At Trial should read as follows: "Trial Ex 10 and 11 to Trial Ex 9A, 10, and 11."

38. In addition, at page 47:19-20, the reference in the box under The Trustee's Proof At Trial should be changed to read as follows: "Lapides Report No. 1, Trial Ex 227, @ p. 227.81"

39. At page 47:18, add the following reference:

| THE TRUSTEE'S PROOF ON CONVERSION BY THE DEFENDANTS, AND EACH OF THEM | THE TRUSTEE'S PROOF AT TRIAL |
|---|---|
| During his Deposition Jay Johnson testified that he thought that he paid for all of the real property insurance premiums on the Viro Road property when it was in the name of Michael McFall, and that sometimes he took these Viro Road insurance premiums out of his personal bank account, and that sometimes he took these Viro Road property insurance premiums out of the AIA bank account, or out of the JJ&A bank account. | Jay Johnson Depo @ pp. 55:23 through 56:1, and 98:1-20. |

40. At page 47:21-23, the reference in the box under The Trustee's Proof on Conversion by the Defendants, and Each of Them should read as follows: "Randy Johnson, the alleged owner and lessor of the Viro Road Property, never scheduled in his tax returns any 'rental payments' from the Debtors."

41. At page 47:21-23, the reference in the box under The Trustee's Proof At Trial should add the following: "Trial Ex 9A, 10, and 11 and Lapides Report No. 1, Trial Ex 227 @ p. 227.82 (for the period from 1995 through 1999)."

42. At page 47:27, the reference in the box under The Trustee's Proof At Trial should eliminate the Trial Testimony of Jay Johnson.

43. At page 48:4-6, the reference in the box under The Trustee's Proof At Trial should add the following: "Lapides Trial Declaration @ ¶ 155."

44.  At page 48:6-9, the reference in the box under The Trustee's Proof At Trial should read as follows: "Trial Testimony of Jay Johnson on October 23, 2014 @ 11:42 to 11:44.

45.  At page 48:13-15, the reference in the box under The Trustee's Proof on Conversion by the Defendants, and Each of Them should read as follows: "Jay Johnson paid all of the monthly mortgage payments on the $562,500.00 Viro Road Property Loan and Construction Loan . . . ."

46.  At page 48:13-15, the reference in the box under The Trustee's Proof At Trial should add the following: "See Lapides Trial Declaration @ ¶¶ 178 and 179."

47.  At page 48:17-18, the reference in the box under The Trustee's Proof on Conversion by the Defendants, and Each of Them should read as follows: ". . . all of the payments on the McFall 2nd TD Loan by either . . . ."

48.  At page 47:27, add the following reference:

| THE TRUSTEE'S PROOF ON CONVERSION BY THE DEFENDANTS, AND EACH OF THEM | THE TRUSTEE'S PROOF AT TRIAL |
|---|---|
| During his deposition taken in these matters, Randy Johnson was asked who paid the mortgage payments on the 4600 Viro Road Property and Randy refused to answer the question asserting his Fifth Amendment right thus denying the Trustee access to relevant information on the Debtors. | 2003 Randy Johnson Depo @ p. 50:2-5. |

49.  At page 49:13-16, the reference in the box under The Trustee's Proof on Conversion by the Defendants, and Each of Them should read as follows: "Employing the preliminary Bank Deposits and Checks Method, Mr. Lapides determined that the Debtor Jay Johnson's income for the year 1999 was estimated to be at least $370,979 as compared to the $149,500 reported on the Debtors' sworn Bankruptcy Schedules."

50.  At page 49:13-16, the reference in the box under The Trustee's Proof At Trial should add the following: "See Trial Ex 001 @ 001.023."

51.  At page 49:26, add the following reference:

| THE TRUSTEE'S PROOF ON CONVERSION BY THE DEFENDANTS, AND EACH OF THEM | THE TRUSTEE'S PROOF AT TRIAL |
|---|---|
| The Debtors' church records for the year 1999 showed that the Debtors contributed $25,150.00 for their 10% Tithing Contribution donation. | Trial Ex 92 @ 092.001 and .003. |
| Employing the preliminary Checks Method, Mr. Lapides determined that the Debtor Jay Johnson's income for the year 2000 was at least $367,117.00. This $367,117.00 minimum income did not include the $282,824.00 in "benefits" and payments received by Jay Johnson from Q Financial in the year 2000. Therefore, the preliminary Checks Method indicated that the Debtor Jay Johnson's income for the year 2000 was a minimum of $367,117.00 to $649,941.00. | Lapides Trial Declaration @ ¶¶ 84 through 109 and Lapides Report No. 2, Trial Ex 228 @ pp. 169 to 170. |
| Utilizing the standard Bank Deposits Analysis Method, Mr. Lapides determined that the Debtor Jay Johnson's income for the year 2000 was $1,998,729.00 from Mr. Lapides' Report No. 2, which was corrected from $2,152,127.00 shown in Lapides Report No. 1 after taking into account all of the comments of the Defendants' expert, Chad Turner, that were judged to have merit. | Lapides Report No. 2, Trial Ex 228 @ p. 170 and Lapides Report No. 1, Trial Ex 227 @ p. 152. |

52. At page 49:27-28, the reference in the box under The Trustee's Proof At Trial should read as follows: "Trial Testimony of Jay Johnson on October 23, 2014 @ 11:31 to 11:40."

53. At page 50:5-7, the reference in the box under The Trustee's Proof on Conversion by the Defendants, and Each of Them should read as follows: "The Debtors' 2000 Federal Tax Return showed Jay Johnson's income of just $77,115.00 which could be compared to the year 2000 income of $55,000.00 reported to the Trustee as part of the sworn Bankruptcy Schedules filed by the Debtors."

54. Delete page 50-14-18 which duplicates a prior reference.

55. At page 50:18-19, the reference in the box under The Trustee's Proof At Trial should add the following: "Lapides Trial Decl. @ ¶147 and Trial Ex 091 @ p. 2."

56. At page 50:19-23, the reference in the box under The Trustee's Proof on Conversion by the Defendants, and Each of Them should read as follows: "On the Debtors' year 1999 Federal Tax Return, the Debtor Jay Johnson reported that he received $152,700 from AIA . . . ."

57. At page 51:5, should read as follows: "In this matter the Trustee has proven by a preponderance of the evidence that the . . . ."

58. At page 52:23, should read as follows: "Here, the Trustee has traced funds from the sale of the Viro Road Property to the acquisition of the La Forest Drive Property and through to the Debtors' acquisition of the San Juan house and Jay Johnson's interest in the Fallbrook lots."

59. At page 53:8, the reference in the box under The Trustee's Proof on Constructive Trust should read as follows: "The sales proceeds of $223,789.58 were deposited into a JJ&A bank account."

60. Delete page 59:12-15 which duplicates a prior reference.

61. At page 60:27, the text should read as follows: "The Lapides Report No. 2, and the Lapides Trial Declaration spell out in detail how Mr. Lapides employed the Checks Method and the Banks Deposit Method to test and verify whether the income listed by the Debtors as part of their sworn Schedules was a fair representation of their actual year 2000 income."

62. At page 62:2, the text should read as follows: "The Lapides Report No. 2, and the Lapides Trial Declaration spell out in detail how Mr. Lapides employed the skills learned at the Department of the Treasury to trace the ownership of the Viro Road Property as an unscheduled asset of the Debtors."

/ / /
/ / /
/ / /
/ / /
///
///

63. At page 63:14-17, the reference in the box under The Trustee's Proof At Trial should add the following: "Trial Testimony of Jay Johnson October 23, 2014."

Dated: December 19, 2014  Respectfully submitted,

JAMES ANDREW HINDS, JR.
PAUL R. SHANKMAN
HINDS & SHANKMAN, LLP

BY:  /s/  James Andrew Hinds, Jr.
         JAMES ANDREW HINDS, JR.
Attorneys for Rosendo Gonzalez, Trustee of the Bankruptcy Estate of Jay W. Johnson and Debra F. Johnson

10.
ERRATA TO THE TRUSTEE'S CLOSING TRIAL BRIEF

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

HINDS & SHANKMAN, LLP, 21515 Hawthorne Blvd., Suite 1150, Torrance, CA 90503

A true and correct copy of the foregoing document entitled (*specify*): **ERRATA TO THE TRUSTEE'S CLOSING TRIAL BRIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 19, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **December 19, 2014** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 19, 2014,** served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 19, 2014 | MAYRA DURAN | /s/ Mayra Duran |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                                  **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- J Scott Bovitz    bovitz@bovitz-spitzer.com
- Rosendo Gonzalez (TR)    rgonzalez@ecf.epiqsystems.com, dgomez@gonzalezplc.com
- James Andrew Hinds    jhinds@jhindslaw.com, zbilowit@jhindslaw.com
- Cristina F Keith    ckeith@jhindslaw.com
- Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
- Hanna B Raanan    hraanan@marlinsaltzman.com, jhawkes@marlinsaltzman.com;sshepard@marlinsaltzman.com;irvinefileclerk@marlinsaltzman.com
- David M Reeder    david@reederlaw.com, jessica@reederlaw.com
- Paul R Shankman    pshankman@jhindslaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Barouir B Yeretzian    byeretzian@jhindslaw.com, yeretzian@gmail.com

**2. SERVED BY UNITED STATES MAIL**:

Burton V McCullough
Law Office of Burton V McCullough
4205 Encinas Dr
La Canada Flintridge, CA 91011-3108

**3. SERVED BY OVERNIGHT MAIL (Norco Overnight Delivery)**

Clerk to the Honorable Erithe Smith
United States Bankruptcy Judge
411 West Fourth Street, Room 5040
Santa Ana, CA 92701-4593

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**